Louis Surgi *v.* Henry Snetchman.*

An assessment on property in New Orleans, in front of which paving has been done, of a portion of the cost, is not forbidden by the Act of 4th May, 1847, section 1; such an assessment is not opposed to the letter or spirit of Article 127 of the Constitution of 1845, and Article 128 of the Constitution of 1852.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J. *Redmond,* for plaintiff.  *Duvignaud,* for defendant and appellant.

Spofford, J.† The facts of this case have been stated in the opinion heretofore pronounced overruling a motion to dismiss the appeal.

As the amount in controversy is less than $100, our attention must be confined to the issue touching the constitutionality and legality of the resolution of the Common Council of New Orleans, ordering Louisa Street to be shelled, and the assessment of one third of the expense upon the property in front of which the shelling was done.

It might suffice to say that the resolution of the 28th July, 1853, which is declared by the defendant's peremptory exception to be illegal and unconstitutional, does not of itself appear to have imposed any liability upon the front proprietors, and consequently, the questions which have been discussed at bar do not perhaps strictly arise upon the pleadings.

But if the questions were fairly presented, we should be of opinion that an assessment upon the property in front of which paving has been done, of a portion of the cost, was not forbidden by the Act of 4th May, 1847, sec. 1st, Sess. Acts, p. 140. That section merely reiterates, with regard to the municipalities of New Orleans, the provisions of Art. 127 of the Constitution of 1845, relative to State taxation, with the proviso that "nothing contained in the Act shall be so construed as to impair any of the powers vested by existing laws in the General Council of the city of New Orleans." This section evidently refers to ordinary taxation for the purpose of filling the common treasury of each municipality. An Act of March 20th, 1840, p. 57, declared that "whenever the owner of any property in front of which paving shall be done by order of the Council of the Municipality within which it is situated, shall fail to pay the third part of the cost of said paving, *as he is bound to do by the existing laws,* such Municipality shall have a special privilege on said property for the reimbursement of one third part of the sums expended on such paving, which shall entitle it to be paid in preference even to a previous mortgage thereon." Bul. & Cur. Dig., 131. And by the Act of March 18th, 1850, sec. 8, p. 130, it was provided "that the Councils of said Municipalities shall have the right of laying special taxes for local improvements, when the owners of property thereby benefited are liable to be specially taxed conformably with existing laws, for the whole or a portion of the expense incurred for such objects. And whenever it shall be deemed necessary to make a new paving in any street or footway already paved, the owners of property fronting said street or foot-way shall also be liable to be specially taxed in the proportions established by existing laws; provided, a fair and adequate allowance be first made in their favor for the value of the materials of the old paving."

* *Surgi* v. *Batalord,* decided at the same time as this case, involved the same question.

† Buchanan, J. took no part in this decision.

By the 22d section of the Consolidation Act, approved Feb. 23d, 1852, p. 48, all the powers, rights, privileges and immunities of the three Municipalities were vested in the city of New Orleans as at present organized.

It is a fair inference that in 1853, the power of imposing a special assessment upon the front proprietor to cover a portion of the costs of paving, which conferred a particular benefit upon his property, was by law vested in the City Council.

And we are of opinion that such legislation was not opposed to the letter or spirit of Article 127 of the Constitution of 1845, and Article 123 of the Constitution of 1852.

Our views upon this subject have been expressed in the recent cases of *Yeatman* v. *Crandell*, and *The New Orleans Draining Company*, praying for the confirmation of a tableau.

The other points made in the appellant's brief are not put at issue by his peremptory exception, save by a vague allegation that the resolution of the Common Council was "contrary to the law of the Legislature approved March 18th, 1850." This objection is too loosely pleaded to be noticed.

The judgment is therefore affirmed with costs.